**In re Maxine M. KOSKI, Debtor.**

**Maxine M. KOSKI, Plaintiff,**

v.

**SEATTLE FIRST NATIONAL BANK, Defendant.**

Bankruptcy No. 91–03656.
Adv. No. 92–6057.

United States Bankruptcy Court,
D. Idaho.

Aug. 20, 1992.

---

G.W. Haight, Coeur d'Alene, Idaho, for defendant.

Ed Kok, Coeur d'Alene, Idaho, for plaintiff.

Carolyn Jurth, Coeur d'Alene, Idaho, trustee.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

After the entry of a summary order denying the motion of Seattle First National Bank for summary judgment, the Bank has moved to supplement the record and to reconsider and amend the order. The motion to supplement the record has been granted. This order deals with disposition of the motion concerning reconsideration of the decision.

The supplementary material consists of the transcript of the argument before, and ruling by, District Judge Craig C. Kosonen of the First Judicial District of the State of Idaho, and a copy of the pleadings in that case. That action, between these parties, resulted in a ruling in favor of the Bank. The Bank contends that decision is entitled to collateral estoppel treatment in the instant case in this Court. The May 20, 1992 order denied collateral estoppel effect, which was the basis of the motion for summary judgment. The Bank contends the supplemental material warrants a change in that decision.

█ As a preliminary matter, the proper collateral estoppel standards to be applied must be determined. This action involves the extent to which a state court determination of property rights is to be given effect in this Court. Because the basis of the avoidance powers involved here relate solely to the validity and perfection of a lien under state law, this Court, under the provisions of 28 U.S.C. § 1738[1] must give the state court judgment the same collateral estoppel effect as would be given that judgment by the courts of that state.[2] Certain exceptions apply to this rule.[3] The exceptions need not be considered, however, unless it is concluded the state court judgment should be given collateral estoppel effect. Because of the Court's conclusion that collateral estoppel does not apply here, it is unnecessary to consider the nature or applicability of those exceptions.

In Idaho, five elements are required to collaterally estop a party by virtue of a prior judgment:

(1) Did the party "against whom the earlier decision is asserted ... have a 'full

---

1. In its relevant portion, section 1738 provides: Such Acts, records and judicial proceedings [of any state, territory, or possession of the United States] or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
28 U.S.C. § 1738.

2. *Migra v. Warren City School Dist. Bd. of Education,* 465 U.S. 75, 80–81, 104 S.Ct. 892, 895–96, 79 L.Ed.2d 56 (1984) (concluding claim preclusion of state court action prevented subsequent section 1983 claim); *Boyajian v. DeFusco (In re Giorgio),* 862 F.2d 933, 936 (1st Cir.1988) (state

supreme court had held that consent judgment waived defense of usury to claim against debtor; on debtor's bankruptcy, this state court judgment precluded challenge to allowability of claim); *Kelleran v. Andrijevic,* 825 F.2d 692, 694–95 (2d Cir.1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988) (default judgment against debtor, who subsequently filed bankruptcy, precluded bankruptcy court from disallowing claims); *Nat'l Union Fire Ins. Co. v. Boyovich (In re Boyovich),* 126 B.R. 348, 350 (Bankr.W.D.Wash.1991) (nondischargeability proceeding; bankruptcy court must look to state law to determine preclusive effect of state court judgment).

3. *Naemi v. Naemi (In re Naemi),* 128 B.R. 273, 277–79 (Bankr.S.D.Cal.1991) (noting exception

and fair opportunity to litigate that issue in the earlier case.' " ... (2) Was the issue decided in the prior litigation "identical with the one presented in the action in question?" ... (3) Was the issue actually decided in the prior litigation? ... (4) "Was there a final judgment on the merits?" ... (5) "Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

*Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171, 178–79 (1986).[4]

On review of the record, it is clear the debtor had a full and fair opportunity to litigate the validity of the lien; the validity of the lien was actually decided by the case; the decision of Judge Kosonen was a final judgment on the merits; and the debtor, the party against whom the plea is asserted, was a party to the prior adjudication. Thus, elements (1), (3), (4), and (5) of the above test have been met.

■ However, a question exists as to whether the issue decided in the previous litigation is identical to the one presented here. In the state court, the validity of the lien against the debtor under state law was presented. The present action is brought under 11 U.S.C. § 545(2), which permits the invalidation of a lien where the lien would not be valid against a bona fide purchaser.

After review of the record before the state court and the transcript of the oral decision rendered in that case, it is concluded collateral estoppel is not applicable. The decision of the state court does not deal with the validity of the lien as against a bona fide purchaser, but only as against the party who both owned the property and contracted for the work. The state court relied in substantial part upon the debtor's actual knowledge of the circumstances surrounding the lien to support its conclusion that the lien was valid. Such knowledge would obviously be irrelevant to support the lien as against a bona fide purchaser.

In brief, three basic arguments were presented in the state court proceeding in support of debtor's contention that the mechanics' lien was invalid. First, the debtor argued the notice of lien was impermissibly vague in describing the labor and materials provided for the benefit of the property. Second, the debtor contended the notice of lien was impermissibly vague in its description of the real property to be subject to the lien. Third, the debtor attacked the validity of the lien because the lienor failed to give the debtor notice within 24 hours, as required by the statute.

■ The provision of the Idaho Code regarding the contents of a mechanics' lien notice is set forth in Idaho Code § 45–507.[5] The Idaho courts have noted that the mechanics' lien statutes are to be liberally construed to effectuate their remedial purpose. *Pierson v. Sewell,* 97 Idaho 38, 539 P.2d 590, 593 (1975). However, mechanics'

applied where, *e.g.,* the state court default judgment was obtained by fraud, or the judgment was rendered by a court without jurisdiction).

4. Concluding that issues decided in criminal cases could preclude litigation of those issues in civil actions.

5. Section 45–507 states:

**Claim of lien.**—Every original contractor, professional engineer or licensed surveyor claiming the benefit of this chapter must, within ninety (90) days, and every other person must, within sixty (60) days, after the completion of any building, improvement or structure, or after the completion of the alteration or repair thereof, or in case he ceases to labor or perform professional services thereon before the completion thereof, then after he so ceases to labor or to perform professional services or after he has ceased to labor or to perform professional services thereon for any cause, or after he has ceased to furnish materials therefor, or after the performance of any labor or professional services in a mine or mining claim, file for record with the county recorder for the county in which such property or some part thereof is situated, a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just. A true and correct copy of the claim of lien shall be served on the owner or reputed owner of the property either by delivering a copy thereof to the owner or reputed owner personally or by mailing a copy thereof by certified mail to the owner or reputed owner at his last known address. Such delivery or mailing shall be made no later than twenty-four (24) hours following the filing of said claim of lien.
I.C. § 45–507.

liens are creations of statute, and, consequently, the statutory requirements must be substantially complied with to perfect a valid lien.  *Id.*

In rejecting the debtor's arguments, the state court began by noting the circumstances in this case were closer to a consensual lien than to a mechanics' lien, and that the debtor was not surprised by any aspect of the exchange.[6]  Actual notice was expressly relied upon by the court in concluding the lien was not invalidated by failure to mail notice as required under the statute.  After review of the record, this Court cannot conclude such actual knowledge and notice did not underlay the entirety of the state court's decision.  Because such actual notice would not be imputed to a hypothetical bona fide purchaser under section 545 and might thus render the lien avoidable, the issues decided in the state court action are not identical, and the state court judgment is not entitled to collateral estoppel effect here.

Accordingly, this Court denies the motion of Seattle First National Bank for summary judgment.

6.  "It is clear that this is not the usual circumstances [sic] under which we see a mechanics [sic] lien filed.

"Essentially, what we have here is the Koski's [sic] basically borrowing money from the bank to finance the siding job.  And the bank opting to use [the mechanics' lien?] as the contract had given them the option.

"A mechanics [sic] lien is a security device. The Koski's not being surprised in any of this, or making payments to the bank until sometime

in August of '89 for reasons not disclosed they are not able to continue making the payments [sic]."
Transcript of Proceedings, October 25, 1991, *Seattle First Nat'l Bank v. Koski,* Case No. 10565, at 22–23 (Dist.Ct., 1st Judicial Dist., County of Benewah).