In re Maxine M. KOSKI, Debtor.

Maxine M. KOSKI, Plaintiff,

v.

SEATTLE FIRST NATIONAL
BANK, Defendant.

Bankruptcy No. 91–03656.
Adv. No. 92–6057.

United States Bankruptcy Court,
D. Idaho.

Dec. 8, 1992.

G.W. Haight, Coeur d'Alene, ID, for plaintiff.

R. Wayne Sweney, Lukins & Annis, Coeur d'Alene, ID, for defendant.

Carolyn Justh, Brown & Justh, Coeur d'Alene, ID, for trustee.

## MEMORANDUM OF DECISION

### ALFRED C. HAGAN, Chief Judge.

Before the Court is the motion for summary judgment of defendant Seattle First National Bank ("Bank"). This represents the second motion for summary judgment in this case, the first having dealt with the collateral estoppel effect of a prior state court decision between the debtor and the Bank. The decision concluded collateral estoppel did not apply. *See Koski v. Seattle First Nat'l Bank (In re Koski)*, 144 B.R. 486 (Bankr.D.Idaho 1992). The complaint has been subsequently amended to add further claims.

### FACTS

The relevant facts are not disputed by the parties. Construed in favor of the non-moving party, these facts may be summarized as follows. In 1984, the debtor and her husband entered into a contract with Best Way Construction Company ("Best Way") to have aluminum siding placed on their house.[1] As security for the debt incurred as a result of this work, the debtor and her husband by agreement permitted Best Way to file a statutory lien against the real estate. Best Way assigned its interest to the Bank, and a subsequent notice of a mechanic's lien against the property was filed on January 28, 1985. No notice was given to the debtor that a mechanic's lien was filed.

In 1989, the debtor filed a chapter 7 petition and was discharged; the real estate involved was not administered as part of that bankruptcy. The debtor's personal liability for the amount due was discharged in the Chapter 7 case. Prior to the discharge, the debtor signed a document denominated "Performance Notice," which provided the bank would retain its lien against the property until the full amount of the debt was paid off.

The Bank brought an action in state court in 1991 to foreclose its mechanic's lien, and also to reform the property description in the notice of lien. A notice of lis pendens was filed, indicating the property was subject to an action. The state court granted summary judgment to the Bank in a bench ruling on October 25, 1991. (This judgment was not entered until November 25, 1991.) The current chapter 13 bankruptcy was filed on November 18, 1991.

The debtor filed this adversary proceeding seeking: (1) a determination that the Bank's lien is avoidable under 11 U.S.C. §§ 544 & 545(2); (2) a determination that the lien is avoidable under 11 U.S.C. § 522(f); or (3) a determination that the Bank's lien was invalid, and consequently discharged in the prior Chapter 7 bankruptcy. The debtor's trustee in bankruptcy subsequently appeared in the case, and has been added as a party plaintiff.

### LEGAL STANDARDS

This is a motion for summary judgment under Rule 56 of the Federal Rules of Civil

---

1. The debtor's husband is now deceased.

Procedure, made applicable here by Fed. R.Bankr.P. 7056. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence is construed in the light most favorable to the nonmoving party, and the moving party bears the burden to show the absence of any genuine issue of material fact. *Hopkins v. Andaya*, 958 F.2d 881, 884 (9th Cir.1992). "However, once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence sufficient to support a jury verdict in her favor." *Hopkins, supra*, 958 F.2d at 884–85.

## DISCUSSION

Numerous issues have been presented by the debtor and the trustee in opposition to the motion for summary judgment. They are as follows: (1) the inadequate property description and failure to serve notice of the lien on the debtor rendered the lien invalid, and resulted in the lien being discharged in the prior Chapter 7 bankruptcy; (2) the inadequate property description and failure to serve notice of the lien on the debtor rendered the lien avoidable under 11 U.S.C. §§ 544 & 545; and (3) the lien is a judicial lien that impairs the debtor's homestead exemption, and is therefore avoidable under 11 U.S.C. § 522(f).

## I. EFFECT OF DISCHARGE IN PRIOR CHAPTER 7 PETITION.

The mechanic's lien in this case was created prior to the filing of the debtor's first Chapter 7 petition. The debtor contends the discharge granted to her under 11 U.S.C. § 727 discharged the Bank's lien, because the lien was unperfected prior to the filing of the petition.

■ The effect of a discharge under section 727 is set forth in 11 U.S.C. § 524. This section provides that discharge enjoins any act to collect "any such [discharged] debt as a *personal liability* of the debtor." [2] With regard to liens, it is clear valid prepetition liens that are not disallowed or avoided survive bankruptcy unaffected. *Estate of Lellock v. Prudential Ins. Co. of America*, 811 F.2d 186, 188–89 (3d Cir. 1987) (assignment of life insurance proceeds constituted lien that was not discharged in bankruptcy); *Hagemann v. Chemical Mortgage Co. (In re Hagemann)*, 86 B.R. 125, 126–27 (Bankr.N.D.Ohio 1988) (foreclosure action in state court was not prohibited by discharge in bankruptcy); *General Motors Acceptance Corp. v. Sawyer (In re Sawyer)*, 18 B.R. 661, 82 I.B.C.R. 44 (Bankr.D.Idaho 1982) (creditor sought relief from stay on the grounds it might lose its lien if debtors were discharged; contention rejected). Accordingly, if the lien is perfected and valid under state law, it survives discharge in the Chapter 7 proceeding.

### A. *Validity of Lien Under State Law.*

The provision of the Idaho Code regarding the contents of a mechanic's lien notice is set forth in I.C. 45–507.[3] The debtor and

---

**2.** 11 U.S.C. § 524(a)(2) (emphasis added). This section provides in part:

> (a) A discharge in a case under this title—
>
> \* \* \* \* \* \*
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ....

11 U.S.C. § 524(a)(2).

**3.** Section 45–507 states:

> Every original contractor, professional engineer or licensed surveyor claiming the benefit

of this chapter must, within ninety (90) days, and every other person must, within sixty (60) days, after the completion of any building, improvement or structure, or after the completion of the alteration or repair thereof, or in case he ceases to labor or perform professional services thereon before the completion thereof, then after he so ceases to labor or to perform professional services or after he has ceased to labor or to perform professional services thereon for any cause, or after he has ceased to furnish materials therefor, or after the performance of any labor or professional services in a mine or mining claim, file for record with the county recorder for the coun-

trustee contend the lien is invalid for two reasons: (1) the description of the property in the notice of lien was impermissibly vague; and (2) the lien was never created because of the Bank's failure to provide the required notice to the debtor.

1. Inadequate Property Description.

■ Mechanic's liens are creations of statute, and consequently the statutory requirements must be substantially complied with to perfect a valid lien. *Pierson v. Sewell,* 97 Idaho 38, 539 P.2d 590, 593 (1975). However, the Idaho courts have noted that the statutes are to be liberally construed to effectuate their purpose. *Id.* "The purpose of these statutes is to compensate persons who perform labor upon or furnish material to be used in the construction, alteration or repair of a building or structure." *Id.*

■ The debtor and trustee first contend the property description is insufficient since it covers a larger tract of ground than that actually owned by the debtor, and refers to a "tract number" when no tract number exists. Neither of these contentions are persuasive. The fact the described property is broader than that actually subject to the lien does not invalidate the lien. *Beall Pipe & Tank Corp. v. Tumac Intermountain, Inc.,* 108 Idaho 487, 700 P.2d 109, 112 (Idaho App.1985). So long as the description contains information sufficient to " 'enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others,' " the description is sufficient. *Treasure Valley Plumbing & Heating, Inc. v. Earth Resources Co.,* 106 Idaho 920, 684 P.2d 322, 324–25 (Idaho App.1984) (quoting *Turnboo*

*v. Keele,* 86 Idaho 101, 105, 383 P.2d 591, 593 (1963)).

Evidence has been submitted by the Bank to show that a party familiar with the locality could identify the property described with reasonable certainty, to the exclusion of other properties. The affidavit of Eldon Hendry, a title officer in Benewah County (where the real property is located), indicates he was able to locate the deed of the property based on the description provided in the notice of lien. Regardless of whether this Court is bound by collateral estoppel,[4] the state court's conclusion that sufficient information was provided in the notice to determine the property subject to the lien is also persuasive on the issue. Neither the debtor nor the trustee have come forward with any evidence to show that a party reasonably familiar with the locale would have been misled by the description found in the notice, or otherwise have identified the wrong piece of property.

Thus, even though the description is larger than the property actually subject to the lien and includes a meaningless term, the uncontroverted evidence shows the description was legally sufficient to create a valid mechanic's lien. The debtor and trustees having failed to meet their burden to show a genuine issue of material fact in this regard, it is concluded the notice of lien adequately described the property.

2. Failure to Give Notice.

■ The second issue presented by the debtor and trustee concerns the failure of the Bank or Best Way to provide the required notice to the debtor of the filing of the mechanic's lien. Under Idaho Code 45–507, a mechanic's lien claimant must serve

---

ty in which such property or some part thereof is situated, a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just. A true and correct copy of the claim of lien

shall be served on the owner or reputed owner of the property either by delivering a copy thereof to the owner or reputed owner personally or by mailing a copy thereof by certified mail to the owner or reputed owner at his last known address. Such delivery or mailing shall be made no later than twenty-four (24) hours following the filing of said claim of lien.
I.C. 45–507.

**4.** *See* discussion *infra.*

a copy of the notice of lien within 24 hours of such notice being filed, such service being either by certified mail or personal delivery.

No case has addressed the sufficiency of notice under this section. The "Statement of Purpose" for the amendment adding this requirement is suggestive, however.

> This statute amends Idaho Code § 45–507 to provide that if a materialman's or mechanic's lien is filed against a person's property, the owner or reputed owner must be notified either by personal service or certified mail. Current statutes require only that the claim of lien be filed at the courthouse. *If a person knows that a mechanic's or materialman's lien has been filed against his property, often he will be able to avoid "double liability" for the cost of the services or goods provided by the mechanic or materialman.*

Statement of Purpose, S.B. 1125, Idaho Sess. (1983). The situation the amendment was contemplated to solve is the situation where an owner of property hires a general contractor to perform work on his property, who in turn hires a subcontractor. The owner pays the general contractor, but the general contractor fails to pay the subcontractor. The subcontractor files a mechanic's lien against the property, thus effectively forcing the owner to pay twice for the same work.

It is clear the debtor is not now, nor was she ever, faced with the threat of "double liability." The party who filed the mechanic's lien was also apparently the party performing the work. The lien was part of the agreement with the debtor, and secured the contractual debt. Thus, the main purpose toward which the notice provision was directed is not a concern. In addition, it is clear the debtor had notice her property would secure the debt incurred in the contract, this being a consensual lien, so some form of notice was provided to the debtor.

It is noted again only substantial compliance with the mechanic's lien statute is

required in order to create a valid lien, and the statute is to be liberally construed to effectuate its remedial purpose. *Pierson v. Sewell, supra.* On the facts of this case, it is found there was substantial compliance with the mechanic's lien statute.

In summary, the Court concludes the deficiencies in the property description and in the service of notice of the lien did not render the lien invalid. Because the lien was valid, it survived the debtor's first Chapter 7 bankruptcy unaffected.

**B.** *Issue Preclusion.*

■ Moreover, the Court finds it is bound by issue preclusion regarding the validity of the lien as a result of the decision in the state court case. The Court has previously considered the question of issue preclusion in this matter. *Koski v. Seattle First Nat'l Bank (In re Koski),* 144 B.R. 486 (Bankr.D.Idaho 1992). There, it was noted that issue preclusion was determined based upon state law,[5] and that there were five elements to issue preclusion in Idaho:

> (1) Did the party "against whom the earlier decision is asserted ... have a 'full and fair opportunity to litigate that issue in the earlier case.'" ... (2) Was the issue decided in the prior litigation "identical with the one presented in the action in question?" ... (3) Was the issue actually decided in the prior litigation? ... (4) "Was there a final judgment on the merits?" ... (5) "Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"[6]

In that opinion, it was held issue preclusion did not apply to the question of whether the debtor or trustee could avoid the lien under 11 U.S.C. § 545. This conclusion was based on the fact the issue presented in the state court case was not identical with the one presented in this case, because section 545 permits the trustee to take the position of a bona fide purchaser as of the date of the filing of the petition for relief.

---

**5.** *Koski, supra,* 144 B.R. at 487 (based upon 28 U.S.C. § 1738 and cases).

**6.** *Koski, supra,* 144 B.R. at 487–88 (citing *Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171, 178–79 (1986)).

The language of the state court judgment made it unclear whether the court's conclusion the lien was valid would have applied to a bona fide purchaser.

With regard to the validity of the lien outside of the debtor's action under 545, however, this rationale no longer applies. The issue with regard to discharge by the prior Chapter 7 proceeding, as discussed *supra*, is whether the mechanic's lien was valid under state law. If the lien was valid at the time the state court rendered its judgment, it was valid at the time the original Chapter 7 petition was filed, there having been no changes in the status of the lien in the interim. The state court judgment was not that the debtor owed money to the plaintiff, but was one of foreclosure against the property that of necessity determined the mechanic's lien was valid.[7] The debtor had a full and fair opportunity to litigate the issue of the lien validity in the state court action; the issues before the state court and before this Court are not the same (validity of the lien); the validity of the lien was actually decided in the prior state court case; there was a final judgment on the merits in the prior state court case; and the party against whom the plea is asserted was a party to the prior litigation. Even had this Court disagreed with the conclusion of the state court (which it does not, as already discussed), it is now bound by issue preclusion to uphold the verdict of that court.

## II. AVOIDANCE OF THE LIEN UNDER SECTION 545.

■ The debtor and trustee contend the Bank's lien is avoidable through the trustee's powers as a bona fide purchaser under sections 544 and 545 of the Bankruptcy Code. Section 545(2) permits the invalidation of a lien where the lien would not be valid against a bona fide purchaser.[8] Similarly, section 544(a)(3) permits the trustee to exercise the powers of a bona fide purchaser of real property to avoid any transfer of the debtor's property.[9] Whether a lien is valid as against a bona fide purchaser is determined with reference to state law. *Saslow v. Andrew (In re Loretto Winery Ltd.)*, 898 F.2d 715, 718 (9th Cir. 1990) (under section 545).

The debtor and the trustee argue the description of the property in the notice is vague and ambiguous, and thus is insufficient to place a bona fide purchaser on notice of the bank's interest. The debtor and trustee also contend the failure of the Bank or Best Way to give notice of the lien acted to further invalidate the lien with regard to such a bona fide purchaser. The Bank contends both the notice and the notice of lis pendens were sufficient to place a bona fide purchaser upon notice of the Bank's interest.

These contentions have been previously discussed and decided. The argument regarding the property description is unpersuasive. Even assuming the validity of the description of the property is measured by

---

7. "Accordingly, I find that on these matters of law the bank is entitled to summary judgment of foreclosure, there being no disputed facts concerning these matters." Transcript of Proceedings, October 25, 1991, *Seattle First Nat'l Bank v. Koski*, Case No. 10565, at 26 (Dist.Ct., 1st Judicial Dist., County of Benewah).

8. Section 545 provides in part:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

\* \* \* \* \* \*

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists; . . .

11 U.S.C. § 545(2).

9. Section 544 provides in its pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\* \* \* \* \* \*

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

a different standard than that discussed above when a bona fide purchaser is involved, the notice of lis pendens would have placed a bona fide purchaser on notice.

 The status of a bona fide purchaser is determined as of the filing of the petition for relief. While the written judgment was not yet in existence on the date the debtor filed, a notice of lis pendens was of record. The trustee does not contend that the lis pendens is inadequate in its description of the property, nor that the lis pendens was improperly filed. A lis pendens serves as constructive notice of the pendency of the litigation.[10]

> The doctrine of lis pendens refers to the common law principle that when a third party—with actual or constructive notice of a pending action involving real property—acquires an interest in that real property from a party to the action, then the third party takes subject to the rights of the parties in the action as finally determined by the judgment or decree.

*Sartain v. Fidelity Financial Services, Inc.*, 116 Idaho 269, 775 P.2d 161, 164 (Idaho App.1989). *See also Hammes v. Tiffany (In re Tiffany)*, 90 I.B.C.R. 374, 378 (Bankr.D.Idaho 1990) (a lien which could otherwise have been avoided by the trustee as a bona fide purchaser could not be so avoided where a notice of lis pendens had been filed against the property). A hypothetical bona fide purchaser on the date of bankruptcy would therefore have taken the property subject to the judgment of the state court, whether or not a judgment had

yet been rendered. Moreover, this would continue to be true regardless of the basis of the state court's decision.[11]

The argument regarding the failure to give notice also fails. Lack of notice to the owner of the property in no way misleads or otherwise affects a bona fide purchaser if the notice of the lien has been properly recorded.[12] Here, any bona fide purchaser on the date of the petition in bankruptcy would be placed on constructive notice of the existence of the lien (by virtue of the lien notice), as well as of the pending litigation (by virtue of the notice of lis pendens). As a result, any hypothetical bona fide purchaser would be bound by the state court decision, for the reasons discussed *supra*.

There are no genuine issues of material fact with regard to this issue, and the lien may not be avoided under either section 544(a)(3) or section 545(2). Consequently, it is concluded the bank is entitled to summary judgment on this issue.

### III. AVOIDANCE OF JUDICIAL LIEN UNDER SECTION 522.

 The final argument presented by the debtor is that the lien is a judicial lien, avoidable to the extent it impairs the debtor's homestead exemption under section 522(f)(1). The Bank contends the lien is a statutory lien not subject to the avoidance provisions of that section.

The Bank is correct. Section 522(f)(1) applies only to judicial liens.[13] Both "judi-

---

**10.** Idaho Code 5–505 provides in its pertinent part:

> From the time of filing such notice [of lis pendens] for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names.

I.C. 5–505.

**11.** The debtor has strongly contended that the lien is a judicial lien created by the state court's decision, and not a statutory lien because of the lack of compliance with the formalities required for a mechanics' lien. Even if a lien as between the parties did not arise in the eyes of the law until the verdict of the state court was rendered,

a bona fide purchaser who took at any point after the notice of lis pendens was filed would take subject to that verdict.

**12.** One exception to this might occur where the failure to give notice invalidated the lien entirely, an invalid lien presumably being incapable of perfection.

**13.** In its relevant part, section 545 provides:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien. . . .

cial lien" and "statutory lien" are defined terms under the Bankruptcy Code. A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A statutory lien, on the other hand, is a

> lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

11 U.S.C. § 101(53). The legislative history of section 101(53) indicates that mechanic's liens were intended to be included in the definition of statutory liens.[14] Numerous courts have held that mechanic's liens are statutory liens that are not avoidable under section 522(f). *See, e.g., In re Wisner,* 77 B.R. 395, 397–98 (Bankr.N.D.N.Y.1987) (New York mechanic's lien statute was a statutory lien); *Evans Products Co. v. Ribeiro (In re Ribeiro),* 7 B.R. 359, 360–61 (Bankr.D.Mass.1980) (Massachusetts mechanic's lien statute was a statutory lien). Under Idaho law, mechanic's liens are governed by the provisions of Idaho Code 45–501 *et seq.,* and arise solely under the specified conditions. A mechanic's lien is therefore a statutory lien, and not subject to the avoidance provisions of section 522(f).

As already considered above, the mechanic's lien in this case was in existence as a valid lien prior to the state court judgment of foreclosure. The state court decision was in enforcement of the lien; it did not create the lien. As a result, the judicial decision did not change the lien from a statutory lien to a judicial lien. *Ribeiro, supra,* 7 B.R. at 361 (mere fact that enforcement of lien may require resort to the courts does not make lien a judicial lien); *In re Wilson,* 90 I.B.C.R. 425, 425–26 (Bankr.D.Idaho 1990). The Bank is entitled to summary judgment on this issue as a matter of law, there being no genuine issues of material fact.

### CONCLUSION

In summary, it is concluded: (1) the Bank's lien was not avoided by the discharge in the prior Chapter 7 bankruptcy; (2) the lien is not avoidable by the trustee as a hypothetical bona fide purchaser under section 545; and (3) the lien is not a judicial lien subject to the avoidance provisions of section 522(f).

A separate order will be entered.

---

11 U.S.C. § 522(f)(1).

**14.** "A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics', materialmen's and warehousemen's liens are examples." H.R.Rep. No. 595, 95th Cong., 1st Sess. 314 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6271.