### In re Wallace Gregory ENGLISH, Debtor.

#### Bankruptcy No. 3–88–004775(11).

United States Bankruptcy Court, W.D. Kentucky.

June 30, 1989.

Daniel T. Albers, Louisville, Ky., for debtor.

F. Kenneth Conliffe, Asst. U.S. Atty., Louisville, Ky., Joseph J. Golden, Louisville, Ky., Asst. U.S. Trustee, for Citizens.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Chief Judge.

This matter is before the Court on the debtor's motion to avoid the mechanic's lien in favor of creditor, Edward Roby, d/b/a Roby Electric Company ("Roby"). Roby has filed a memorandum in opposition to the debtor's motion and the Court has reviewed the same. Based on the following reasons, the Court sustains the debtor's motion to avoid the mechanic's lien.

On April 15, 1988, W. Gregory English ("debtor") entered into a contractual obligation with Philip and Maureen Schmidt to build a house in the Winding Falls Subdivision, Louisville, Kentucky, and upon completion, sell said house to them. In July of 1988, the debtor contracted with Mr. Roby to perform electrical work on the residence. Thereafter, the debtor filed this Chapter 11 petition on December 27, 1989. Subsequent to the filing of the bankruptcy, Mr. Roby filed a mechanic's lien on the property in the amount of $3,748.00, which was lodged and recorded on January 10, 1989.

The issue in this case is whether the debtor may avoid the mechanic's lien in favor of Roby since it was filed after the bankruptcy. The debtor contends that the statutory lien of Roby may be avoided under 11 U.S.C. § 545(2), because the lien was not perfected until after the filing of the bankruptcy petition. 11 U.S.C. § 545(2) provides:

> The Trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchased such property, whether or not such a purchaser exists.

11 U.S.C. § 545(2)

In its brief, Roby concedes that the issue in this case boils down to whether the statutory lien is perfected or enforceable against a bona fide purchaser at the commencement of the case whether or not such a purchaser exists. However, Roby argues that the debtor's actual knowledge of the materialmen's claims against him is sufficient to preclude lien priority status over a mechanic's lien. Here, Roby argues that there is no question that the debtor had notice of the materials and services provided by Roby and that said materials and services had not been paid for by the debtor. Thus, Roby contends that since the debtor had actual knowledge of Roby's claim prior to the bankruptcy filing, the mechanic's lien filed by Roby is enforceable against the debtor.

This Court does not interpret the lien avoidance statute in the same manner. Under § 545(2), the trustee or the debtor-in-possession is given the rights of a bona fide purchaser who hypothetically purchases the residential property on the date of the commencement of the bankruptcy proceeding. § 545(2) and § 1107. As of that date, the mechanic's lien filed by Roby had not been perfected. Pursuant to K.R.S. 376.010,

> (1) any person who performs labor or furnishes materials for the improvement of real property shall have a lien thereon ... The lien on the land or improve-ments shall be superior to any mortgage or encumbrance created subsequent to the beginning of the labor or the furnishing of the materials, and the lien, if asserted as hereinafter provided, shall relate back and take effect from the time of the commencement of the labor or the furnishing of the materials.
>
> (2) The lien shall not take precedence over a mortgage or other contract lien or bona fide conveyance for value without notice, duly recorded or lodged for record according to law, unless the person claiming the prior lien shall, before the recording of the mortgage or other contract lien or conveyance, file ... a statement showing that he has furnished or expects to furnish labor or materials and the amount in full thereof.

K.R.S. 376.010(1) and (2).

In the case of *Walker v. Valley Plumbing, Inc.*, 370 S.W.2d 136 (C.A.Ky.1963), the Court of Appeals was presented with a similar set of circumstances. In *Walker*, Pearson agreed to construct a home for the Walkers and convey it to them upon completion. The work was completed and the transaction was closed on July 8, 1957. During the closing of the sale of the property, Pearson had given to the Walkers an affidavit stating that all laborers, materialmen and subcontractors had been paid in full. Subsequently, Valley Plumbing, Inc. ("Valley"), a subcontractor, notified the Walkers that it had not been paid for its work and that it was proceeding to file a lien on the property. Valley then brought this proceeding to enforce its lien claim against the Walkers. In concluding that the Walkers were bona fide purchasers for value, the Court of Appeals stated the following:

> The lien conferred by K.R.S. 376.010(1) is subject to several limitations. One is that a statement containing the information specified in K.R.S. 376.080 must be recorded within six (6) months after the claimant has ceased to labor or furnish materials. Another is that if the claimant has not contracted directly with the owner, he must give him written notice within seventy-five (75) days after the last item of his material or service has

been furnished. K.R.S. 376.010(3). Still another is that his lien will lose priority to a mortgage or other contract lien or bona fide conveyance for value without notice, duly recorded unless he shall theretofore recorded a statement that he has furnished or intends to furnish labor or material, showing the full amount thereof. K.R.S. 376.010(2). All of these limitations are consistent. Compliance with the recordation and notice provisions of K.R.S. 376.080 and K.R.S. 376.-010(3) will preserve and perfect the lien, but to protect it against a bona fide purchaser for value without notice K.R.S. 376.010(2) *expressly requires the claimant to get to the courthouse first.* (Our emphasis.) *Walker*, at pg. 138.

In a bankruptcy situation, the trustee or debtor-in-possession steps into the shoes of a bona fide purchaser for value at the time of the commencement of the case and, therefore, cannot be charged with any knowledge of events leading up to the date of the filing. The debtor's personal knowledge of Roby's intent to file a lien prior to bankruptcy cannot be imputed to a hypothetical bona fide purchaser. Accordingly, the only way that the mechanic's lien can be enforceable as against a hypothetical bona fide purchaser, is if Roby had filed a statement of intent to furnish labor or materials prior to the debtor's bankruptcy filing. In this case, Roby did not file a statement of intent prior to the filing of the Chapter 11 and, therefore, the debtor may avoid the lien under § 545(2) of the Code.

This Memorandum–Opinion constitutes findings of fact and conclusions of law.

### ORDER

Pursuant to the attached Memorandum–Opinion,

IT IS HEREBY ORDERED that the motion of W. Gregory English, debtor, to avoid the lien of Edward Roby, d/b/a Roby Electric Company be, and hereby is SUSTAINED.

This is not a final order.