**In the Matter of Steven C. SOUERS and Mary C. Souers, Debtors.**

**Steven C. SOUERS and Mary C. Souers, Plaintiffs,**

v.

**NEVADA READY MIX, Defendant.**

**Bankruptcy No. 93–971–CH. Adv. No. 93–93079.**

United States Bankruptcy Court, S.D. Iowa.

Jan. 31, 1994.

---

Jerrold Wanek, Des Moines, IA, for debtors/plaintiffs.

Deborah S. Kraugh, Ames, IA, for defendant.

## ORDER—CROSS MOTIONS FOR SUMMARY JUDGMENT

RUSSELL J. HILL, Bankruptcy Judge.

A pretrial conference on Plaintiffs' Complaint was held on August 30, 1993. Plaintiffs, Steven C. and Mary C. Souers, appeared by their attorney, Jerrold Wanek. Defendant, Nevada Ready Mix, appeared by its attorney, Deborah S. Krauth. At the conclusion of the hearing, the Court set deadlines for the filing of cross motions for summary judgment. Such motions have been filed by the parties and the matter is now considered fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Upon review of the pleadings, evidence and arguments, the Court now enters its findings and conclusions pursuant to Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

1. The Defendant provided materials for improvements to the Plaintiffs' property on the following dates: October 21, 1992, October 28, 1992, October 29, 1992, and November 17, 1992.

2. On February 11, 1993, the Defendant filed a mechanic's lien statement against the property for the value of the materials furnished on the above dates. The statement was filed at the office of the Clerk of Court of Story County pursuant to Chapter 572 of the Iowa Code.

3. On April 12, 1993, the Plaintiffs filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Bankruptcy Code.

4. The property encumbered by the mechanic's lien was scheduled as exempt homestead property pursuant to Iowa Code § 561.16. No objections were timely filed.

### DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In this case both the Plaintiff and the Defendant have moved for summary judgment. The parties agree that there are no material disputed facts. Upon review of the entire record, the Court finds that there are no genuine issues of material fact and this is an appropriate matter for summary judgment.

Debtors are entitled to exercise the avoidance powers of the trustee and bring actions on their own behalf in certain circumstances. 11 U.S.C. § 522(h) provides as follows:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under § 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under § 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(g) provides in relevant part:

Notwithstanding §§ 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under § 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property.

■ Therefore, the debtor may seek to avoid certain involuntary transfers of property which could have been exempted had the trustee recovered the property. *See In re Biddle*, 31 B.R. 449, 454 (Bankr.N.D.Iowa 1983).

The mechanic's lien filed by the Defendant encumbrances homestead property and impairs an exemption. Plaintiffs could have exempted this property under § 522(g) if it had been recovered by the trustee under one

of the applicable code provisions as the filing of the mechanic's lien was not a voluntary transfer and the Plaintiffs did not conceal the property. The trustee in this case has not attempted to avoid the transfer. Therefore, pursuant to § 522(h), the Plaintiffs have standing to bring an action to avoid the transfer provided that this transfer would have been avoidable by the trustee "under § 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under § 553 of this title." Plaintiffs seek to avoid the mechanic's lien filed by Defendant pursuant to 11 U.S.C. § 547.

11 U.S.C. § 547(b) provides:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

■ However, even if the Court assumes that this transfer meets the above standards of § 547(b), not all such transfers are subject to avoidance by the trustee. Specifically, § 547(c)(6) excepts from avoidance a transfer which is "the fixing of a statutory lien that is not avoidable under § 545 of this title." Therefore, the Court must determine if the filing of the mechanic's lien is 1) the fixing of

a statutory lien; and 2) avoidable under § 545.

> Section 101(53) defines a statutory lien as
>
> [a] lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

While the Code does not specifically provide that a mechanic's lien is a statutory lien, legislative history is helpful and provides in part:

> A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics', materialmen's, and warehousemen's liens are examples. Tax liens are also included in the definition of a statutory lien.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 27 (1978); *see* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 14 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5813, 6271.

The Court finds that a mechanic's lien is a statutory lien within the meaning of 11 U.S.C. § 101(53). Further, the attachment or perfection of a statutory lien during the preference period is generally not avoidable as it falls within the scope of § 547(c)(6). *See In re White,* 64 B.R. 843, 851 (Bankr. E.D.Tenn.1986); *In re Johnson,* 25 B.R. 889, 893 (Bankr.E.D.Tenn.1982). Therefore, as long as the mechanic's lien is not avoidable pursuant to § 545, it would appear that it would fall within the exception of § 547.

Section 545 provides as follows:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
>
> (1) first becomes effective against the debtor—
>
> (A) when a case under this title concerning the debtor is commenced;
>
> (B) when an insolvency proceeding other than under this title concerning the debtor is commenced;
>
> (C) when a custodian is appointed or authorized to take or takes possession;
>
> (D) when the debtor becomes insolvent;
>
> (E) when the debtor's financial condition fails to meet a specified standard; or
>
> (F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;
>
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;
>
> (3) is for rent; or
>
> (4) is a lien of distress for rent.

Plaintiffs argue that the mechanic's lien is avoidable under § 545(2), which is the only applicable subsection in this case. Under § 545(2), if the Defendant perfected its lien prior to the filing of the bankruptcy so as to defeat a hypothetical bona fide purchaser as of that date, its lien is unavoidable. To determine whether the lien was properly perfected against bona fide purchasers, the Court must look to state law. *See In re Woods Farmers Co-op. Elevator Co.,* 946 F.2d 1411, 1413 (8th Cir.1991). Iowa Code § 572.18 provides in relevant part:

> The rights of purchasers, encumbrancers, and other persons who acquire interest in good faith and for a valuable consideration, and without notice, after the expiration of the time for filing claims for mechanics' liens, are prior to the claims of all contractors or subcontractors who have not, at the date such rights and interests were acquired, filed their claims for such liens.

Iowa Code § 572.8 provides:

> A person shall perfect a mechanic's lien by filing with the clerk of the district court of the county in which the building, land, or improvement to be charged with the lien is situated a verified statement of account of the demand due the person, after allowing all credits, setting forth:

(1) The time when such material was furnished or labor performed, and when completed.

(2) The correct description of the property to be charged with the lien.

(3) The name and last known mailing address of the owner, agent, or trustee of the property.

Iowa Code § 572.9 mandates that such statement shall be filed "within 90 days from the date on which the last of the material was furnished or the last of the labor was performed."

In this case, the statement was properly filed within 90 days of the date on which the last of the material was furnished. The Court finds that Defendant has met the filing conditions required for perfection of a mechanic's lien under Iowa law. Iowa statute provides that such perfection is good against bona fide purchasers. Therefore, the mechanic's lien was perfected and enforceable at the commencement of the bankruptcy case against bona fide purchasers. Accordingly, the mechanic's lien would not be avoidable by the trustee under 11 U.S.C. § 545. As such, the Court finds that the mechanic's lien is excepted from avoidance under 11 U.S.C. § 547 pursuant to § 547(c)(6).

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that judgment shall be entered for the Defendant, Nevada Ready Mix, and against the Plaintiffs, Steven C. Souers and Mary C. Sours, dismissing Plaintiffs' complaint.