NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | ) BAP No. CC-11-1140-PaMkH |
| | ) |
| JOSE J. VIDALES, | ) Bk. No. 10-11195-EC |
| | ) |
| Debtor. | ) Adv. No. 10-01260-MW |
| _____ | ) |
| | ) |
| CLAUDE GAYER, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| JOSE J. VIDALES, | ) |
| | ) |
| Appellee. | ) |
| | ) |
| _____ | ) |

Argued and Submitted on November 16, 2011
at Pasadena, California

Filed - December 9, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ellen Carroll and Honorable Mark S. Wallace,
Bankruptcy Judges, Presiding

_____

Appearances:    John D. Ott appeared for appellant Claude Gayer.

_____

Before: PAPPAS, HOLLOWELL and MARKELL, Bankruptcy Judges.

_____

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Appellant Claude Gayer appeals the bankruptcy court's orders dismissing for lack of prosecution his adversary proceeding seeking an exception to discharge and denying his motion to reconsider and vacate that dismissal. Because, based on the record before us, we cannot say that the bankruptcy court abused its discretion in either dismissing the adversary proceeding or in denying the motion to reconsider the dismissal, we AFFIRM.

**FACTS**

Appellee Jose J. Vidales ("Vidales") filed a chapter 7[2] bankruptcy petition on January 15, 2010. On April 1, 2010, Appellant commenced an adversary proceeding against Vidales to determine that a debt represented by a state court default judgment he held against Vidales was excepted from discharge.[3] Vidales had until May 6, 2010, to file a response to the adversary complaint.

The bankruptcy court issued a "Scheduling Order" on April 6, 2010, which was sent, via U.S. mail, to John D. Ott ("Ott"), Appellant's counsel. Included in the order were the dates set by

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] The default judgment awarded Appellant $2,195,000 in compensatory damages, $3,000,000 in punitive damages, and $1,730,270 in attorneys' fees and costs against Vidales and three other defendants. The default judgment resulted from a home invasion robbery during which Appellant was bound and badly beaten. While the complaint alleges that Vidales conspired and aided in the commission of the robbery and battery, through planning, acquiring tools, recruiting additional participants, and "providing 'look-out' services and driving the 'get-away' car," there are no allegations that Vidales unlawfully entered Appellant's home, or that he committed the battery against Appellant.

-2-

the bankruptcy court for several future hearings, notably a "Status Conference" to take place on June 23, 2010, and a "Pretrial Conference" scheduled to occur on January 26, 2011. The Scheduling Order warned:

> Failure to appear at a status conference or a pretrial conference may be considered an abandonment or failure to prosecute or defend diligently, and the adversary proceeding may be dismissed or judgment may be entered against the defaulting party.

Adv. Proc. dkt. no. 3 at 1.

When Vidales did not timely respond to the complaint, Appellant requested entry of a default, completing the paperwork to do so on June 1. However, before the request was considered by the bankruptcy court, the June 23, 2010, Status Conference occurred. Vidales appeared in person at the Status Conference; Ott did not. Because Ott did not appear, the bankruptcy court entered an "Order Dismissing [the] Adversary Proceeding for Lack of Prosecution" on June 29, 2010 (the "First Dismissal").

Appellant promptly filed a motion asking the bankruptcy court to reconsider and vacate the First Dismissal (the "First Motion to Vacate"). Vidales objected to this request, and a hearing was held on August 12, 2010, at which the Honorable Thomas B. Donovan presided. Both Vidales and Ott appeared. During the hearing, Ott explained that he did not attend the June 23, 2010 Status Conference because he had mistakenly calendared the hearing for July 23, 2010. Hr'g Tr. 2:21–24, Aug. 12, 2010. The bankruptcy court found that "[Ott's] neglect . . . to properly calendar" the June 23 hearing was "not a sufficient basis to end the lawsuit, under the circumstances." Id. at 3:7–11. The court, therefore, granted Appellant's First Motion to Vacate, and reinstated the

-3-

adversary proceeding.

Appellant continued to pursue his request for entry of a default against Vidales. The bankruptcy court scheduled a hearing to consider the request on December 8, 2010, primarily to give Vidales, who had appeared and objected to the First Motion to Vacate, the opportunity to respond. When Vidales did not attend the December 8 hearing, the bankruptcy court agreed to enter a default. The court issued a notice, on January 7, 2011, indicating a default had been entered.[4]

Appellant next filed a motion for entry of default judgment on January 18, 2011. Eight days later, the bankruptcy court convened the previously scheduled Pretrial Conference. Neither Ott nor Vidales appeared. As a result, the bankruptcy court, on February 2, 2011, entered an order dismissing the adversary proceeding a second time (the "Second Dismissal") "for the reasons set forth on the record during the [Pretrial Conference] hearing." Dkt. no. 22 at 1.[5]

Meanwhile, in the interim between the Pretrial Conference and the Second Dismissal, the adversary proceeding was reassigned to the Honorable Mark S. Wallace.

On February 11, 2011, Appellant filed a second motion to reconsider and vacate the Second Dismissal pursuant to Civil Rule 60(b) alleging the dismissal occurred due to Ott's mistake, inadvertence, and excusable neglect (the "Second Motion to

[4] This was the second notice issued by the Court; the first, issued on December 29, 2010, incorrectly indicated that a default had not been entered.

[5] As we discuss below, without adequate explanation from Ott, Appellant did not include the transcript of the Pretrial Conference hearing in the excerpts on appeal.

-4-

Vacate"). Vidales objected, and the bankruptcy court held a hearing on the Second Motion to Vacate on March 17, 2011.

At that hearing, Ott explained his reason for not appearing at the January 26, 2011 Pretrial Conference as follows:

> I believed at that time there was not going to be a joint pretrial order. There wasn't going to be a trial. Default was entered. And based on a prior conversation with the clerk earlier in 2010, that the Court would either enter the judgment, or the Court would set a hearing on the motion for default judgment.
>
> At that time I was in the throws (sic) of other cases, and working 12-hour days. It didn't occur to me, and I was negligent in not getting to the pretrial conference order, since no judgment was entered, your Honor. And that's my fault.

Hr'g Tr. 4:2-12, March 17, 2011. Despite missing a second hearing, Ott maintained that he had diligently prosecuted the adversary proceeding. The bankruptcy court responded:

> There have been two dismissals for failure to appear. I don't think that's diligence. That's severe breach of the rules, twice, twice.

Id. at 4:16-18.

Vidales, for his part, explained to the bankruptcy court that it was a financial and time burden on him to travel to court hearings, including hearings at which Ott did not appear. Summarizing his position, he observed:

> Well, I — this case was completely discharged on my bankruptcy, and then I got some paperwork again by the attorney, and I had to come to Court. That's when he never showed up. I mean, I can't afford to come over here. I don't have a job right now. He wants $7,000,000. I don't know — I don't own any assets. I mean, I don't know where he wants to get with this. I'm not working right now. I have — my friend has to bring me all the way over here, two-and-a-half-hour drive. And I can't afford to come here. I believe this case should just remain dismissed.

Id. at 6:5-15.

-5-

The bankruptcy court then made the following findings:

> The Court has reviewed the pleadings. And the applicable rule here is the excusable neglect standard in the <u>Pioneer</u> case. And that decision sets forth four factors. The first factor is the prejudice to the Movant, and the Court would — you know, initially, the Court's reaction was that that factor cut in your favor, Mr. Ott. But, you know, having heard about Mr. Vidales's travel to the Court, not absolutely clear it's completely in your favor.
>
> The second factor, the danger — the impact of the negligent action on the judicial proceeding. Here we've had two failures to appear. You know, this has really lengthened the proceeding considerably.
>
> The third, the reason why the negligent action occurred. You know, again, two failures to appear. The Court would heavily weight that factor. Whether the Movant acted in good faith, I think there's no reason to doubt your good faith.
>
> But applying all those factors, and weighting the third factor the most heavily, in view of not one, but two failures to appear and two dismissals, the Court will deny this motion with prejudice. So this action is dismissed and will stay dismissed.

<u>Id.</u> at 6:16—7:13.

In response, Ott urged the bankruptcy court to consider imposing a less drastic sanction than dismissal, to which the court replied:

> Mr. Ott, the — again, this is a case of not one failure to appear, but two, not one dismissal, but two dismissals, compounded by the fact that a pleading was filed that has false statements made to the Court. I just see no reason to do anything other than dismiss this case with prejudice. And that's the Court's ruling. This is dismissed with prejudice.

<u>Id.</u> at 8:10–16.

The bankruptcy court entered the order denying the Second Motion to Vacate on March 17, 2011. Appellant timely appealed both the Second Dismissal and the denial of the Second Motion to Vacate.

-6-

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). The Panel has jurisdiction under 28 U.S.C. § 158.

**ISSUES**

Whether the bankruptcy court erred in entering the Second Dismissal.

Whether the bankruptcy court erred in denying the Second Motion to Vacate.

**STANDARDS OF REVIEW**

We review a bankruptcy court's <u>sua</u> <u>sponte</u> dismissal of an adversary proceeding for abuse of discretion. <u>Oliva v. Sullivan</u>, 958 F.2d 272, 274 (9th Cir. 1992).

We review a bankruptcy court's decision to deny a motion to reconsider and vacate a final order pursuant to Civil Rule 60(b) for abuse of discretion. <u>Pilkington v. Cardinal Health, Inc. (In re Syncor ERISA Litig.)</u>, 516 F.3d 1095, 1099 (9th Cir. 2008); <u>Alonso v. Summerville (In re Summerville)</u>, 361 B.R. 133, 139 (9th Cir. BAP 2007) (citing <u>Hammer v. Drago (In re Hammer)</u>, 112 B.R. 341, 345 (9th Cir. BAP 1990), <u>aff'd</u>, 940 F.2d 524 (9th Cir. 1991)).

A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en banc); <u>Ellsworth v. Lifescape Med. Assocs. (In re Ellsworth)</u>, 455 B.R. 904, 914 (9th Cir. BAP 2011).

-7-

**DISCUSSION**

**I.** **There is an insufficient record for us to determine that the court abused its discretion in dismissing Appellant's adversary proceeding.**

A bankruptcy court may dismiss an adversary proceeding <u>sua</u> <u>sponte</u> for lack of prosecution under Civil Rule 41(b), applicable in bankruptcy proceedings by Rule 7041. <u>Tenorio v. Osinga</u> <u>(In re Osinga)</u>, 91 B.R. 893, 894 (9th Cir. BAP 1988). In doing so, the court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Moneymaker v. CoBEN (In re Eisen)</u>, 31 F.3d 1447, 1451 (9th Cir. 1994). A reviewing court should particularly focus on whether the trial court considered less drastic sanctions and whether it warned of imminent dismissal when the trial court dismissed the case <u>sua</u> <u>sponte</u>. <u>In re Oliva</u>, 958 F.2d at 274.

Where a trial court has not made specific findings on each factor, a reviewing court is to independently consider the record to determine whether the trial court abused its discretion. <u>Eisen</u>, 31 F.3d at 1451. Of course, the reviewing court must have those portions of the record before it that are necessary to make such a determination. <u>See</u> BAP Rule 8006-1 ("The excerpts of the record shall include the transcripts necessary for adequate review in light of the standard of review to be applied to the issues before the Panel."); <u>McCarthy v. Prince (In re McCarthy)</u>, 230 B.R. 414, 416–17 (9th Cir. BAP 1999).

The burden of providing an adequate record on review rests

-8-

upon the appellant. In re McCarthy, 230 B.R. at 417. Here, Appellant did not provide the Panel with a transcript of the January 26, 2011, Pretrial Conference hearing at which the bankruptcy court apparently decided to dismiss the adversary proceeding for a second time.[6] This omission is significant because the bankruptcy court's order on the Second Dismissal recites that the action was dismissed "for the reasons set forth on the record during the [Pretrial Conference] hearing." Dkt. no. 22 at 1. Simply put, without a transcript of this hearing, the Panel cannot review whether the bankruptcy court appropriately considered the imposition of less drastic sanctions, or any of the other dismissal factors, for that matter, prior to dismissal.[7]

Where the inadequacy of the record provided to the Panel affords little choice but to summarily affirm, we may do so. Ehrenberg v. Cal. State Univ., Fullerton Found. (In re Beachport Entm't), 396 F.3d 1083, 1087–88 (9th Cir. 2005). Because the lack of the Pretrial Conference hearing transcript prevents us from reviewing the bankruptcy court's reasons for the Second Dismissal, we cannot say that the bankruptcy court abused its discretion in

---

[6] And as noted above, at oral argument before the Panel, Ott was unable to explain his failure to submit this critical transcript. In addition, the transcript is not available in the dockets of the adversary proceeding or bankruptcy case. It would appear, no transcript was ever requested by Appellant, nor prepared.

[7] At the same time, in considering the Second Motion to Vacate, the court weighed the impact of Ott's non-appearance on the timely resolution of judicial proceedings, prejudice to Vidales, and the availability of lesser sanctions. Hr'g Tr. 6:16 –8:16, March 17, 2011. None of those factors, as applied in the context of reconsidering the Second Dismissal, indicate an abuse of discretion. Assuming the court considered the factors similarly in determining the Second Dismissal, the Panel would likely also not find an abuse of discretion, as to those factors, in that instance.

-9-

entering the order. We therefore AFFIRM the Second Dismissal.

## II. The Court did not abuse its discretion in denying Appellant's motion to vacate the Second Dismissal.

A trial court may relieve a party from a final order for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. See Civil Rule 60(b)(1) (applicable here through Rule 9024). Appellant asserts the bankruptcy court should have vacated the Second Dismissal because Ott's conduct in prosecuting the case was, at worst, excusable neglect.

Ott is correct that the concept of excusable neglect embodied in Civil Rule 60(b)(1) is broad enough to include the negligence of counsel for a party. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394–96 (1993). To determine whether counsel's neglect is excusable, however, a court must consider: "[(1)] the danger of prejudice to the [opposing party], [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable control of the movant, and [(4)] whether the movant acted in good faith." Id. at 395. The bankruptcy court considered each of those four factors in determining to deny the Second Motion to Vacate.

First, the bankruptcy court found that, based on information regarding the burden that travel to hearings imposed on Vidales, the "danger of prejudice" factor did not favor vacating the dismissal. Vidales explained that he lived several hours from the courthouse, was unemployed, and had to rely on a friend for transportation to hearings. Considering that explanation, the bankruptcy court was apparently persuaded that Ott's non-

-10-

appearance at hearings was prejudicial to Vidales. That determination was not illogical, implausible, or without support in inferences that may be drawn from the facts in the record.

The bankruptcy court also found that Ott's neglect had "considerably" lengthened the adversary proceeding. Prior to the First Dismissal, Appellant had requested entry of a default. Partly because of the delay caused by the First Dismissal, and the subsequent First Motion to Vacate, that request was not heard by the bankruptcy court until nearly six months later. The Second Dismissal also contributed to delay of the judicial proceedings in this case. The bankruptcy court found that two dismissals for counsel's failure to appear at scheduled hearings demonstrated a lack of diligence. It was not an abuse its discretion for the bankruptcy court to determine that Ott's neglect lengthened the adversary proceeding.

The third factor in the analysis, "the reason for the delay," was significant in persuading the bankruptcy court to deny the Second Motion to Vacate because Ott controlled the circumstances causing Ott to miss both scheduled hearings. First, he incorrectly calendared the June 23, 2010, Status Conference. Second, Ott simply explained that he was busy, and it "didn't occur to [him]" that his attendance was required at the January 26, 2011 Pretrial Conference. Because the reasons for the delay in this case were both within Ott's control, and because there were multiple delays, the bankruptcy court's determination to weigh the "reason for the delay" factor against Appellant was not an abuse of discretion.

While the reasons for Ott's missing the two scheduled

-11-

conferences were entirely within his control, the bankruptcy court found that Ott did not act in bad faith. In totality, however, applying all of the factors, and weighing the third factor most heavily due to the multiple instances of delay, the bankruptcy court denied the Second Motion to Vacate with prejudice. That result is not illogical, implausible, or without support in inferences that may be drawn from the facts in the record, and the bankruptcy court did not abuse its discretion in denying that motion.

## CONCLUSION

Because the record before us is inadequate, we cannot determine that the bankruptcy court abused its discretion in entering the Second Dismissal. On the other hand, the record demonstrates that the bankruptcy court did not abuse its discretion in denying Appellant's Second Motion to Vacate due to counsel's excusable neglect.

We AFFIRM the orders of the bankruptcy court.

-12-